Ronald J. Wronko (RW1859)
RONALD J. WRONKO, LLC
96 Park Street
Montclair, New Jersey 07042
(973) 509-0050
Attorneys for defendant
Shaw Creations, Inc.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVERGLORY COMPANY, | Civil Action No. 07 Civ. 9361 |
| Plaintiff, | CIVIL ACTION |
| v. | **ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES,** |
| SHAW CREATIONS, INC., | **COUNTERCLAIM, AND JURY DEMAND** |
| Defendant. | |

Defendant Shaw Creations, Inc., as and for its Answer to Plaintiff's Complaint, responds that:

### PARTIES, JURISDICTION, AND VENUE

1. Defendant is without sufficient information to admit or deny the allegations of Paragraph 1 of the Complaint.

2. Defendant admits that it conducts business in the State of New York but denies the remaining allegations of Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint contains conclusions of law to which no responsive pleading is required.

4. Defendant admits that it conducts business in the State of New York but denies the remaining allegations of Paragraph 4 of the Complaint.

**ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

5. Defendant admits the allegations of Paragraph 5 of the Complaint.

6. Defendant is without sufficient information to admit or deny the allegations in Paragraph 6 of the Complaint.

7. Defendant is without sufficient information to admit or deny the allegations in Paragraph 7 of the Complaint.

8. Defendant is without sufficient information to admit or deny the allegations in Paragraph 8 of the Complaint.   .

9. Defendant is without sufficient information to admit or deny the allegations in Paragraph 9 of the Complaint.

10. Defendant is without sufficient information to admit or deny the allegations of Paragraph 10 of the Complaint.

11. Defendant is without sufficient information to admit or deny the allegations of Paragraph 11 of the Complaint.

12. Defendant is without sufficient information to admit or deny the allegations of Paragraph 12 of the Complaint.

13. Defendant is without sufficient information to admit or deny the allegations of Paragraph 13 of the Complaint.

## FIRST CLAIM FOR RELIEF
(Account Stated)

14. Defendant repeats and incorporates his responses to the allegations of paragraphs 1 through 13 of the Complaint as if set forth fully herein.

15. Defendant is without sufficient information to admit or deny the allegations of Paragraph 15 of the Complaint.

16. Defendant is without sufficient information to admit or deny the allegations of Paragraph 16 of the Complaint.

17. Defendant denies the allegations of Paragraph 17 of the Complaint.

## SECOND CLAIM FOR RELIEF
(Breach of Contract)

18. Defendant repeats and incorporates his responses to the allegations of paragraphs 1 through 17 of the Complaint as if set forth fully herein.

19. Defendant denies the allegations of Paragraph 19 of the Complaint.

20. Defendant denies the allegations of Paragraph 20 of the Complaint.

## THIRD CLAIM FOR RELIEF
(Reasonable Value – Goods Sold and Delivered)

21. Defendant repeats and incorporates his responses to the allegations of paragraphs 1 through 20 of the Complaint as if set forth fully herein.

22. Defendant denies the allegations of Paragraph 22 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim for which relief may be granted.

2. Plaintiff's claims are barred by excuse.

3. Plaintiff's claims are barred by their own breach of contract.

4. Plaintiff's claims are barred by their own breach of the covenant of good faith and fair dealing.

5. Plaintiff's claims are barred by their own failure to perform.

6. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

7. Plaintiff's claims are subject to set-off.

8. Plaintiff's claims are barred by the doctrines of laches, estoppel, and waiver.

9. Plaintiff's claims are barred by fraud.

10. Plaintiff's claims are barred by unclean hands.

11. Plaintiff's claims are barred by the applicable Statute of Limitations.

12. Plaintiff's claims are barred by the assumption of risk.

13. Plaintiff's claims are barred by the Statute of Frauds.

14. Plaintiff's claims are barred by release.

15. Plaintiff's claims are barred by res judicata.

16. Plaintiff's claims are barred by contributory negligence.

17. Plaintiff's damages arise out of the conduct of third parties over whom plaintiff had no control.

18. Plaintiff's claims are barred by agreement.

19. Plaintiff's claims are barred by promissory estoppel and unjust enrichment.

20. Plaintiff's claims are barred by their negligent misrepresentations.

21. Plaintiff's claims are barred by bad faith.

22. Plaintiff's claims are barred by the doctrine of impossibility.

23. Plaintiff's Complaint is barred for lack of jurisdiction.

24. Plaintiff's Complaint is barred for inconvenient and/or inappropriate venue.

25. Plaintiff's claims are barred in whole or in part by defects in goods supplied to defendant.

26. Plaintiff's claims are barred in whole or in part by delays in delivery of goods to defendant.

## COUNTERCLAIM

Shaw Creations, Inc., by way of Counterclaim against Plaintiff Everglory Company, alleges and says:

1. Upon information and belief, plaintiff is a business corporation and existing under the laws of the People's Republic of China and maintains its principal place of business in Hong Kong, China.

2. Upon information and belief, Sunny Company is a business corporation and existing under the laws of the People's Republic of China and maintains its principal place of business in Hong Kong, China. Upon information and belief, Everglory Company and Sunny Company have common ownership and operate as alter egos.

3. Shaw Creations is a corporation incorporated in the State of New Jersey and conducting business in the State of New York.

4. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(2) because this is an action between a citizen of a foreign state and a citizen of a

State where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5. This Court also has jurisdiction over this case pursuant to 28 U.S.C. § 1331 because this is an action which poses a federal question under 17 U.S.C. § 101, et seq., for copyright infringement.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because defendant Shaw Creations conducts business in this judicial district.

## FACTS COMMON TO ALL COUNTS

7. Shaw Creations owns a valid copyright of Noah's Ark artwork, which it has utilized on its Umbrellas for sale.

8. Upon information and belief, Sunny Company and/or plaintiff Everglory Company distributed Shaw Creations' copyrighted artwork as well as manufactured and distributed goods containing Shaw Creations' copyrighted artwork.

9. Sunny Company and/or plaintiff Everglory Company were or should have been aware that the subject artwork was copyrighted material of Shaw Creations.

10. Sunny Company and/or Everglory Company's distribution of the copyrighted artwork as well as the manufacture and distribution of goods containing the copyrighted artwork were unauthorized.

11. Sunny Company and/or Everglory Company interfered with Shaw Creations' exclusive right to vend its copyrighted works.

12. As a result of Sunny Company and/or Everglory Company's actions, Shaw Creations has suffered damages.

## COUNT ONE

13. Shaw Creations repeats and re-alleges each and every allegation contained in paragraphs 1 through 13 of the Counterclaim as if set forth fully herein.

14. Shaw Creations owns a valid copyright of the Noah's Ark artwork.

15. Everglory Company and/or Sunny Company has distributed the copyrighted artwork as well as manufactured and distributed goods containing the copyrighted artwork in violation of 17 U.S.C. § 101, et seq., for copyright infringement.

16. Shaw Creations has suffered damages as a result of Everglory Company's copyright infringement.

WHEREFORE, Shaw Creations demands judgment against Everglory Company as follows:

   a. Actual compensatory and consequential damages;
   b. Alternatively, statutory damages;
   c. Punitive damages;
   d. Pre-judgment interest; and
   e. Statutory attorney's fees and costs.

## JURY DEMAND

Shaw Creations, Inc., hereby demands a trial by jury on all issues so triable.

## TRIAL ATTORNEY DESIGNATION

Ronald J. Wronko is hereby designated as trial attorney.

Dated:   December 4, 2007

                        RONALD J. WRONKO, LLC


                        By:   Ronald J. Wronko_____
                             Ronald J. Wronko (RW-1859)
                             RONALD J. WRONKO, LLC
                             96 Park Street
                             Montclair, NJ 07042
                             (973) 509-0050
                             Attorney for Defendant


## CERTIFICATION

The undersigned certifies that to the best of his knowledge, the within matters in controversy are also the subject of <u>Sunny Company v. Shaw Creations, Inc.</u>, Civil Action No. 07 Civ. 9360, S.D.N.Y. The undersigned certifies to the best of his knowledge that the within matters in controversy are not subject to any other suit or pending arbitration.


                             /s/ Ronald J. Wronko_____
                             Ronald J. Wronko (RW1859)
                             RONALD J. WRONKO, LLC
                             96 Park Street
                             Montclair, NJ 07042
                             (973) 509-0050
                             Attorney for Defendant

**CERTIFICATION OF SERVICE**

I HEARBY CERTIFY that a copy of the foregoing Answer and Counterclaim was mailed first class, and served via CM/ECF on this 4th day of December 2007, to:

> Bernard D'Orazio, P.C.
> 100 Lafayette Street
> Suite 601
> New York, New York 10013-4400

                                        /s/ Ronald J. Wronko
                                        Ronald J. Wronko, Esq. (RW 1859)

                                        Ronald J. Wronko, LLC
                                        96 Park Street
                                        Montclair, NJ 07042
                                        (973) 509-0050, ext. 120
                                        (973) 509-0063 (facsimile)
                                        ron@ronwronkolaw.com

Dated:  December 4, 2007