UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

EVERGLORY COMPANY,

        Plaintiff,

  -against-                              07 Civ. 9361

SHAW CREATIONS, INC.,

        Defendant.
_____

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S
<u>MOTION TO CONSOLIDATE</u>**

Plaintiff Everglory Company respectfully submits this memorandum of law in opposition to the defendant's motion under Federal Rule of Civil Procedure 42(a) to consolidate this case with <u>Sunny Company</u> v. <u>Shaw Creations, Inc.</u>, 07 Civ. 9360, another action pending before this Court.

The motion should be denied. The two cases involve separate companies that filled distinct orders from defendant for different goods on different dates over different periods of time for different amounts of money. The main factor the two cases have in common is that the defendant failed in each case to pay for goods sold and delivered, even though it retained them without objection. While that is a basis for granting summary judgment, which both plaintiffs intend to seek immediately, it is not grounds for consolidation of these two actions.

The appropriate thing to do is to have these two cases handled by the same judge. This already has occurred via an administrative transfer of the <u>Sunny</u> action, which has the later case number, by Judge Daniels to Judge Keenan. Having the

two cases handled in tandem will provide the benefits of consolidation without the potential for procedural pitfalls or unfair prejudice to the plaintiffs.

## STATEMENT OF FACTS

The following facts are alleged in the pleadings on file with this Court.

Plaintiff Everglory Corporation is a Chinese manufacturer and exporter of umbrellas and related products.  Defendant Shaw Creations, Inc., is New York corporation that imports and distributes umbrellas and related products. Defendant placed orders with plaintiff for the purchase of various goods at agreed-upon prices. The goods were delivered to defendant, accepted, and retained without objection.

Invoices for each order were sent to and received by defendant. The invoices, which are attached to the Complaint, are for the following amounts:

| Invoice Number | Date | Amount (USD) |
|---|---|---|
| EG531-S22 | 07/16/06 | $12,419.00 |
| EG537-S24 | 07/20/06 | $54,300.00 |
| EG539-S25 | 07/31/06 | $32,568.00 |
| EO541-S26 | 08/10/06 | $ 6,750.00 |
| EG546-S29 | 08/27/06 | $16,720.00 |
| EG549-S30 | 08/21/06 | $3,500.00 |
| EG557-S31 | 09/21/06 | $42,228.00 |
| EG561-S32 | 10/05/06 | $13,500.00 |
| EG562-S33 | 11/26/06 | $1,326.00 |
| EG564-S34 | 10/12/06 | $6,750.00 |
| EG584-S39 | 12/17/06 | $52,820.00 |
| EG592-S40 | 01/07/07 | $13,950.00 |
| EG596-S41 | 02/04/07 | $11,880.00 |
| EG602-S42 | 03/12/07 | $13,440.00 |
| EG605-S43 | 04/02/07 | $52,292.00 |

**TOTAL: $334,443.00**

Defendant has failed to remit payment in full for the goods sold and delivered. There is a balance due and owing plaintiff of $334,443.00, plus interest thereon.

In <u>Sunny Company</u> v. <u>Shaw Creations, Inc.</u>, 07 Civ. 9360, the plaintiff, a separate Chinese corporation, is suing the defendant for $640,823.86 for goods sold and delivered between October 27, 2006, and March 29, 2007. The sales at issue in the <u>Sunny</u> case are separate and distinct from the sales involved in this case.

**ARGUMENT**

I.

**THE TWO DEBT COLLECTION ACTIONS FILED AGAINST DEFENDANT BY DIFFERENT PLAINTIFFS ARISE OUT OF DISTINCT <u>SALES AND THUS SHOULD NOT BE CONSOLIDATED</u>**

Federal Rule of Civil Procedure 42(a) provides that:

> Consolidation. If actions before the court involve a common question of law or fact, the court may:
>   (1) join for hearing or trial any or all matters at issue in the actions;
>   (2) consolidate the actions; or
>   (3) issue any other orders to avoid unnecessary cost or delay.

Rule 42(a) gives a district court power to consolidate actions involving common questions of law or fact if it finds, in the exercise of its discretion, that consolidation would facilitate the administration of justice. <u>See</u> <u>BD</u> v. <u>DeBuono</u>, 193 F.R.D. 117, 140 (S.D.N.Y. 2000). However, if the two actions do not involve "a common question of law or fact," the Court must deny the motion for consolidation. <u>See</u> <u>In re Prudential Securities Inc. Ltd. Partnerships Litigation</u>, 158 F.R.D. 562, 570 (S.D.N.Y. 1994).

A party seeking consolidation bears the burden of showing the commonality of factual and legal issues in the two actions. <u>See</u> <u>MacAlister</u> v. <u>Guterma</u>, 263 F.2d 65, 70 (2d Cir. 1958). The Second Circuit has instructed the district courts to examine "the special underlying facts" with "close attention" before ordering a

4

consolidation. In re Repetitive Stress Injury Litigation, 11 F.3d 368, 373 (2d Cir. 1993). The existence of common issues of law or fact, however, does not require consolidation.

That two cases assert similar theories of recovery against one defendant does not constitute a "common question of law" so as to warrant consolidation. See Flintkote Co. v. Allis-Chalmers Corp., 73 F.R.D. 463, 465 (S.D.N.Y. 1977); Thorne-Neale & Co., Inc. v. Atlantic Gulf Export Corp., 10 F.R.D. 59 (S.D.N.Y. 1959); Liberty Lincoln Mercury v. Ford Mktg. Corp., 149 F.R.D. 65, 81 (D.N.J. 1993). Furthermore, where evidence in one case is not relevant to the other, consolidation should be denied because of the likelihood of prejudice by confusing the issues. Flintkote, supra, at 465.

As the defendant admits, these are "non-complex collection matters." The fact that the legal theories of the two cases may be the same does not mean the cases are the same. Indeed, they are entirely different: different parties,[1] different goods, different invoices, different sales prices, different sales dates, different witnesses, etc.

Plaintiff has no objection to the simultaneous scheduling of motions and other proceedings in the two matters, where possible. But, the two cases should not be formally consolidated, which could unfairly prejudice one of the plaintiffs if, for example, the Court were to grant the motion to dismiss the counterclaim or for summary judgment in one case but not the other.

---

[1] There is no proof before this Court that the two corporations are "alter egos" of each other, as alleged by defendant's counsel.

5

Plaintiffs anticipate making immediate summary judgment motions to recover the amounts claimed, $640,823.86 in the case of Sunny and $$334,443.00 in the case of Everglory, on the basis of an account stated and breach of contract.  Each also will seek to dismiss defendant's copyright infringement counterclaim or, in the alternative, sever it, since it has nothing to do with any of the goods sold and delivered to the defendant.[2] We respectfully request that defendant's consolidation motion be promptly decided so that plaintiff may make dispositive motions in these two cases.

---

[2] The counterclaim is based upon an allegation that the plaintiffs infringed on a copyright (unregistered) for a "Noah's Ark" design that appeared on one umbrella manufactured by Sunny for a single order for defendant in March 2003.  This counterclaim is entirely without merit for a number of reasons, including that the art is not owned by or licensed to the defendant.  Further, the alleged infringement has nothing to do with the sales at issue in these two cases.

**CONCLUSION**

Defendant's motion for consolidation should be denied and plaintiff granted such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         January 18, 2008

                                                          Respectfully submitted,

                                                          LAW OFFICES OF
                                                          BERNARD D'ORAZIO, P.C.

                                                               s/Bernard D'Orazio
                                                         By: _____
                                                           Bernard D'Orazio (BD2494)
                                                          Attorneys for Plaintiff
                                                          100 Lafayette Street-Suite 601
                                                          New York, New York 10013-4400
                                                          (212) 608-5300